Lon A. Jenkins (4060)
Tami Gadd (12517)
MaryAnn Bride (13146)
Katherine T. Kang (14457)
OFFICE OF THE CHAPTER 13 TRUSTEE
465 South 400 East, Suite 200
Salt Lake City, Utah  84111
Telephone: (801) 596-2884
Facsimile: (801) 596-2898
Email: utahtrusteemail@ch13ut.org

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH

IN RE:

Luis Sandoval

**Debtor**

CASE: 22-22391

CHAPTER 13

Hon. KEVIN R. ANDERSON

Confirmation Hearing: 9/8/22  10:00 am

### TRUSTEE'S OBJECTION TO CONFIRMATION AND RECOMMENDATION OF DISMISSAL UNDER 1307(c) IF UNABLE TO RESOLVE

Lon A. Jenkins, Chapter 13 Trustee, hereby objects to confirmation of the Debtor's plan and in support thereof represents as follows:

   1. The Debtor filed a Chapter 13 petition for relief on June 24, 2022 and the First Meeting of Creditors under section 341 was held on August 04, 2022.

   2.  It appears the Debtor(s) have moved since filing the petition, or that the address on the petition is incorrect.  The Debtor(s) must immediately file with the Court a change of address.

   3.  The Debtor(s) failed to produce at the 341 Meeting statements from their financial account(s) for the period that covers the petition date (see Fed. R. Bankr. P. 4002(b)(2)(B)). Need statement(s) for Venmo account(s).

4. The Debtor(s) failed to produce at the 341 Meeting evidence of current income (see Fed. R. Bankr. P. 4002(b)(2)(A)) and LR 2083-1(e)(1)(2)(A). Need current pay advice for Autumn Springs income.

5. The Debtor(s) did not provide the Chapter 13 Trustee payment advices for the following pay period that falls within 60 days before the petition date, as required by 11 U.S.C. § 521(a)(1)(B)(iv); Bankr. Rule 1007(b)(1)(E); and Standing Order 12-002: <u>All pay advices for Autumn Springs income</u>. The Debtor(s) should timely file such payment advices or provide evidence that they did not receive payment advices for the relevant date. If this issue is not resolved "within 45 days after the date of the filing of the petition, the case shall be automatically dismissed effective on the 46th day after the date of the filing of the petition." See 11 U.S.C. § 521(i)(1), Bankr. Rule 1007(b)-(c), and Local Rule 5005-1(b)(2)).

6. The Trustee projects that the Debtor(s) direct payment(s) to satisfy an auto loan (2017 Dodge Ram), will end within 60-months. The Debtor(s) should provide the Trustee with evidence as to the loan balance(s) as of the petition date, and propose to increase the plan payment by the same amount as the loan repayment once such claims have been paid in full. See In re Kofford, Slip Copy, 2012 WL 6042861 (Bankr. D. Utah Dec. 4, 2012) (Thurman).

7. The Debtor(s) have not disclosed on Schedule I monthly income received from non-filing partner's child support in the estimated monthly amount of $115.00.

8. It appears the Debtor(s)' Current Monthly Income (as that term is defined by § 101(10A)) is greater than what is disclosed on Form 22C. The Trustee requests the Debtor(s) provide the book end pay advices or evidence of income used to calculate the Form 22C.

9. Based on information received from the Internal Revenue Service and/or Debtor(s)' Declaration Regarding Tax Returns, Debtor(s) have not complied with §1325(a)(9) as the Debtor(s) have not filed all tax returns as required under §1308. Tax years not filed: 2016 and 2019.

WHEREFORE, the Trustee objects to confirmation of the Debtor's plan. If the Debtor is unable to resolve the objection by the confirmation hearing, the Trustee will move to dismiss or convert the case.

Dated: August 10, 2022　　　　　　　　　　<u>MaryAnn Bride</u>
　　　　　　　　　　　　　　　　　　　　　Attorney for Chapter 13 Trustee

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing Objection to Confirmation was served on the following parties on August 11, 2022:

Luis Sandoval, 2338 W 4925 S, Roy, UT 84067

E. KENT WINWARD, ECF Notification

　　　　　　　　　　　　　　　　　　　　　<u>/s/ Helen Doherty</u>